IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DOUGLAS EDDINGS, | * | |
| | * | |
| Plaintiff, | * | CASE NO.: 4:22-cv-00017-CDL |
| | * | |
| v. | * | |
| | * | |
| BIGHAM CABLE CONSTRUCTION, | * | |
| INC., GOLDCOM FIBER OPTICS, LLC | * | |
| and LLL COMMUNICATIONS, LLC, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT FOR DAMAGES**

COMES NOW Douglas Eddings, as Plaintiff in the above-styled action, and asserts the following claims against Defendants Bigham Cable Construction, Inc. ("Bigham"), Goldcom Fiber Optics, LLC ("Goldcom"), and LLL Communications, LLC ("LLL Communications") (hereinafter collectively referred to as "Defendants"):

1.

Plaintiff, a resident of Muscogee County, Georgia, shows that his claims arise from an incident that took place on the military reservation and property owned and controlled by the United States Army, known as Fort Benning, Georgia.

2.

As the incident and immediate wrongful acts of Defendants resulting in Plaintiff's injuries occurred entirely on a federally owned military base, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C § 1331 and the Federal Enclave Doctrine. See Mater v. Holley, 200 F.2d 123, 124 (5th Cir. 1953) and Vanicky v. Purdue Pharma Co., 2003 WL 27381135, Case No.

4:03-CV-07-1 (CDL) (M.D. Ga. Apr. 25, 2003).  As the incident and all of Plaintiff's medical treatment occurred in this judicial district, venue is also proper in this Court.

3.

Bigham is a Florida corporation registered and qualified to transact business in the State of Georgia and is subject to the jurisdiction of this Court. Bigham may be served through its Georgia registered agent, Robert Hollifield, who is located at 101 Mayo Royal Drive, Newnan, Georgia 30263.  Jurisdiction and venue are proper as to Bigham.

4.

Goldcom is a Georgia limited liability company and is subject to the jurisdiction of this Court. Goldcom may be served through its Georgia registered agent, Randall W. Goldsmith, who is located at 1848 Stewart Road, Ringgold, Georgia 30763.  Jurisdiction and venue are proper as to Goldcom.

5.

LLL Communications is a Georgia limited liability company and is subject to the jurisdiction of this Court.  LLL Communications may be served through its Georgia registered agent, Jason Ledford, who is located at 251 Old Dalton Road, LaFayette, Georgia 30728. Jurisdiction and venue are proper as to LLL Communications.

6.

On February 25, 2021, the vehicles, a truck and trailer, described in Paragraph 12 below, on information and belief, were owned by Goldcom and were being utilized and operated for work being performed on Ft. Benning by, and for the benefit of, Defendants Bigham, Goldcom and LLL Communications.

7.

At the time and place of the incident resulting in Plaintiff's injuries, the operator and occupant of said truck and trailer, Jason Ledford, was employed by, was the agent of, and acting on behalf of LLL Communications.

8.

On information and belief, Goldcom was contracted to, was acting as a representative of and under the control and auspices of Bigham at all times described herein, and specifically, at the time of the incident described herein wherein Plaintiff was injured.

9.

Jason Ledford and LLL Communications were likewise acting on behalf of Bigham and Goldcom as a subcontractor to, agent and representative of and under the control and auspices of Bigham and Goldcom at all times described herein, and specifically, at the time and place Plaintiff was injured.

**Factual Background**

10.

Plaintiff is 84 years old and has been an avid cyclist for the majority of his life.  Prior to the incident giving rise to this Complaint, Plaintiff regularly participated in bicycling with other cyclists.

11.

On February 25, 2021, Plaintiff and three other cyclists were engaged in a group ride that began on the Chattahoochee Riverwalk, a public bicycle and pedestrian paved path located in Muscogee County, Columbus, Georgia, and continued into and on a connected paved path on Fort Benning, Georgia (the "Bike Path").

12.

At approximately 2:00 p.m., near the intersection of Upatoi Creek and the Bike Path on Fort Benning, Plaintiff and his fellow cyclists were confronted by a truck and trailer parked and positioned so that said truck and trailer entirely blocked the paved Bike Path.  At this particular location on the Bike Path, it is relatively narrow and is closely bordered on its eastern side by Fort Benning Road, a primary entry roadway into Fort Benning, and on its western side by a steep downward slope covered with trees and other vegetation.

13.

Neither Defendants' vehicle, the trailer, the work site, the in-ground partially opened facility being worked on and used by Defendants, the disturbed and uneven ground adjacent to the facility, nor Defendants' related equipment were flagged, marked, or in any way designated or blocked off as areas or points of danger or concern for pedestrian and cyclist safety.

14.

In order to continue along the Bike Path, Plaintiff and the other cyclists in his group were forced to dismount from their respective vehicles and to walk and push or carry their bicycles (in Plaintiff's case his recumbent trike), onto and along the narrow, unpaved shoulder to the west of the Bike Path.

15.

As Plaintiff attempted to maneuver his trike around the Defendants' truck and trailer and the adjacent opened vault or facility, the uneven and disturbed ground, the in-ground facility, or both caused Plaintiff's body to turn, and Plaintiff to fall so that his left leg twisted, rupturing his left quadricep tendon.

16.

Due to the severity of Plaintiff's injuries, Plaintiff's cycling companions called for an ambulance to transport Plaintiff to a hospital.

17.

Though present in the trailer at the time of these events, Defendants' agent and/or employee, believed to be Jason Ledford of LLL Communications, remained in the enclosed vehicle, did not come out to warn Plaintiff's group of the hazards or to otherwise assist Plaintiff and/or his companions either before or after Plaintiff's fall and injury. In fact, the occupant did not show himself or exit the trailer until Plaintiff was being attended to by the EMTs, who had arrived in the ambulance, and until he was asked to do so by the police who had also arrived on the scene.

## Count I – Negligence

18.

All Defendants, as contractors authorized and permitted to utilize the Bike Path and as those responsible for the individuals who so occupied and utilized the Bike Path to perform work on behalf of and pursuant to their respective contracts, had a duty to exercise care for and to do all reasonable acts necessary to ensure the safety and welfare of persons and non-motorized vehicles utilizing the Bike Path, to include Plaintiff and his cyclist companions. Defendants, in their respective capacities, failed to exercise these duties, proximately causing Plaintiffs' injuries as described herein.

19.

The incident giving rise to Plaintiff's injuries was the result of the reckless, wanton, and negligent actions of Defendants and/or Defendants' agents and employees for whom they were

responsible, including, without limitation: (1) causing and allowing Defendants' vehicle to block the entire Bike Path; (2) Defendants' failure to appropriately cover, mark or identify the safety hazards created by the uneven, disturbed ground; (3) Defendants' failure to appropriately cover, mark or identify the safety hazard created by the opening or vault; (4) Defendants' failure to physically note and warn the person or persons compelled to navigate their way around said vehicles of any and all such hazards; (5) Defendants' failure to assist Plaintiff and others utilizing the Bike Path to safely move around the vehicles so that he/she/they could continue in their use of the Bike Path; and (6) Defendant Bigham's and Goldcom's failure to instruct and otherwise ensure that it or their subcontractors, agents and employees performing their work (inclusive of their operation and use of related vehicles, equipment and facilities) in a manner that did not endanger others, but to the contrary, in a manner that ensured the safety of persons utilizing the area and the Bike Path Defendants occupied.

20.

As a direct and proximate result of Defendants,' and/or Defendants' agents, subcontractors and employees' wrongful, reckless, wanton and negligent acts, Plaintiff sustained serious and permanent bodily injuries, including, without limitation, the rupture of his left quadriceps tendon.

21.

As a direct and proximate result of Defendants' and/or Defendants' agents, subcontractors and employees wrongful reckless, want and negligent acts, Plaintiff suffered, continues to suffer, and will in the future suffer significant pain and discomfort of mind and body.

22.

As a direct and proximate result of Defendants' and/or Defendants' agents and employees' wrongful, reckless, wanton and negligent acts, Plaintiff has incurred, and is entitled to recover,

medical and related expenses associated with the surgery performed on his knee and leg, the care of his physicians, physical therapy and related medical implements in an amount greater than $31,500.00 as of the date hereof. Further, it is certain Plaintiff will continue to receive treatment, and as such will continue to incur, and is entitled to recover, all similar future expenses.

23.

As a direct and proximate result of Defendants' and/or Defendants' agents and employees' wrongful, reckless, wanton and negligent acts, Plaintiff has suffered a permanent and lifelong injury which has and will continue to negatively impact his ability to not only care for himself, but to move about as he once did, and moreover, to cycle as he has done all of his adult life.

24.

Further, at the time of the incident, Plaintiff was widowed and lived alone, and thus as result of the injuries suffered, has reluctantly found it necessary to call upon the help and aid of his daughter and others living outside of his home to assist him with normal, daily activities; a circumstance that weighs heavily on Plaintiff and, unfortunately, may well continue indefinitely in varying degrees.

WHEREFORE, the Plaintiff prays:

(a) That process issue as provided by law;

(b) That he be awarded actual damages for all past and for all future medical and related expenses and all other special damages arising from his injuries;

(c) That he recover compensatory damages for his conscious pain and suffering, both past and present as well as for all future such pain and suffering;

(d) That he recover all allowable and appropriate damages for his permanent injuries, both physical and mental;

(e) That he recovers all other damages allowed by and consistent with applicable law;

(f) For a trial by a jury of twelve persons; and

(g) For such other relief as this Court deems just and proper.

**<u>Request for Trial by Jury</u>**

Plaintiff expressly requests that his claims and all defenses asserted thereto by Defendants be submitted to and considered by a jury of twelve persons.

Respectfully submitted this 20th day of January, 2022.

                                            PAGE, SCRANTOM, SPROUSE,
                                            TUCKER & FORD, P.C.

                                    By: <u>/s/ Thomas F. Gristina</u>
                                              Thomas F. Gristina
                                              State Bar No.: 452454
                                          <u>/s/ Austin S. Gibson</u>
                                              Austin S. Gibson
                                              State Bar No. 667572
                                          <u>/s/ William L. Tucker</u>
                                              William L. Tucker
                                              State Bar No. 718050

1111 Bay Avenue, Third Floor
Post Office Box 1199
Columbus, GA 31902-1199
(706) 324-0251
tfg@psstf.com
asg@psstf.com
wlt@psstf.com

                                            *Attorneys for Plaintiff*